**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**WALTER MARTINEZ,**<br><br>*Defendant.* | Case No. 1:05-cr-445-1 (RCL) |

## MEMORANDUM OPINION

In 2006, defendant Walter Martinez pleaded guilty to unlawfully distributing cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C). ECF No. 41 (Information); ECF No. 63 (Plea Agreement). In May 2011, the Court sentenced Martinez to 235 months' imprisonment plus 36 months' supervised release. ECF No. 96. Martinez is currently incarcerated at CI Giles W. Dalby in Post, Texas and has an anticipated release date of August 21, 2022. ECF No. 143 at 1; ECF No. 149 at 3.

On March 30, 2021, Martinez moved *pro se* for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 143. At fifty-four years old and with the comorbidities of obesity, a chronic respiratory infection, and a "history of serious lung infection," Martinez claims that the COVID-19 pandemic poses an "extraordinary and compelling reason" warranting a sentence reduction. *Id.* at 2, 5. Martinez adds that he has a "clear disciplinary record" in prison and has "completed 87% of his sentence with good time." *Id.* at 2.

The Government opposes Martinez's motion. ECF No. 149. It provides medical records showing that Martinez received his first dose of the Moderna COVID-19 vaccine on May 4, 2021, and says that he will receive his second dose on or about June 1, 2021. *See id.* at 9. Because

Martinez has been vaccinated, the Government argues, he cannot claim that the COVID-19 pandemic poses an "extraordinary and compelling" reason warranting a sentence reduction under § 3582(c)(1)(A)(i). *Id.* at 9–13.

Martinez did not timely reply. His motion is now ripe for consideration.

\* \* \*

A defendant seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) bears the burden of establishing that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). To be eligible for a reduction, two threshold requirements must be met. First, the defendant must have exhausted his administrative remedies. 18 U.S.C. § 3581(c)(1)(A). This requires a showing that "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or that 30 days have elapsed since "the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* Second, the defendant must show that "extraordinary and compelling reasons warrant" a reduction of his sentence. *Id.* If the Court finds that the defendant has met these two requirements, the Court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)," after considering the relevant factors set forth in 18 U.S.C. § 3553(a). *Id.*

Though Martinez has exhausted his administrative remedies, *see* ECF No. 143-1, he has not met his burden of showing "extraordinary and compelling reasons" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). On May 4, 2021—shortly after Martinez filed his compassionate-release motion—he received his first dose of the Moderna COVID-19 vaccine. *See* ECF No. 149 at 9; *see* ECF No. 143 at 1. Records submitted by the Government indicate that

2

Martinez consented to the "immunization series," meaning that he would have received his second dose on approximately June 1, 2021. *See* ECF No. 150-1 at 2; *see also* Centers for Disease Control and Prevention, *Moderna COVID-19 Vaccine Overview and Safety*, May 27, 2021, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last visited June 5, 2021) (explaining that the Moderna COVID-19 vaccine is given in a series of two shots, "one month (28 days) apart"). According to the Centers for Disease Control and Prevention ("CDC"), evidence from clinical trials showed the Moderna vaccine to be 94.1% effective at preventing COVID-19 illness in individuals who received two doses and had no evidence of a prior infection. Centers for Disease Control and Prevention, *Moderna COVID-19 Vaccine Overview and Safety*, May 27, 2021, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last visited June 5, 2021). The CDC also reports that the Moderna vaccine "appeared to have a high effectiveness in clinical trials . . . among persons with underlying medical conditions." *Id.*

So although Martinez may have underlying conditions that could increase his risk of severe illness from the virus, the fact that he has been fully vaccinated mitigates that risk almost entirely. *See id.* Accordingly, the Court finds that the COVID-19 pandemic does not pose an "extraordinary and compelling" reason justifying a reduction in Martinez's sentence.[1] 18 U.S.C. § 3582(c)(1)(A)(i). The Court will thus **DENY** by separate Order Martinez's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 143.

Date: June  7 , 2021

Hon. Royce C. Lamberth
United States District Judge

---

[1] Because the Court finds that there are no "extraordinary and compelling reasons" warranting a sentence reduction, it need not consider whether the relevant § 3553(a) factors support such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i).